# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br>**Lonnie Lynn Labbee,**<br><br>Debtor. | **Bankruptcy Case<br>No. 14-41181-JDP** |

_____

| | |
|---|---|
| **R. Sam Hopkins, Trustee,**<br><br>Plaintiff,<br><br>**vs.**<br><br>**Teresa Wright,**<br><br>Defendant. | **Adv. Proceeding<br>No. 15-08081-JDP** |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Heidi Buck Morrison, RACINE OLSON NYE BUDGE & BAILEY, Pocatello, Idaho, Attorney for R. Sam Hopkins, Trustee, Plaintiff.

Teresa Wright, Blackfoot, Idaho, *pro se.*

MEMORANDUM OF DECISION – 1

### *Introduction*

The chapter 7[1] trustee, R. Sam Hopkins ("Plaintiff") commenced this

adversary proceeding against Teresa Wright ("Defendant") seeking

authorization to sell certain real property she co-owned with debtor Lonnie

Lynn Labbee ("Debtor"), as well as an order for turnover of the property.

*See* Am. Compl., Dkt. No. 13.  Trial of the action was held on March 10,

2016, after which the Court took the issues under advisement.

The Court has now considered the testimony and evidence

presented, certain requests for admission that are deemed admitted, the

briefs and arguments of the parties, as well as the applicable law.  This

Memorandum recites the Court's findings of fact and conclusions of law,

and its decision.  *See* Fed. R. Bankr. P. 7052.

### *Findings of Fact*

In 2002, Debtor purchased a 4.4 acre parcel of real property,

---

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal
Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule"
references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 2

including a small, single-family home and a shop, located on West

Riverton Road in Blackfoot, Idaho (the "Property"). Exh. 102. Later,

Debtor and Defendant met; Debtor told Defendant about the Property

when she indicated she was in need of a larger home. Together, they

cleaned up the home, and Defendant and her children moved into the

house on the Property in 2005. At some point, Debtor moved onto the

Property as well.

Defendant purchased the Property in 2007 at a foreclosure auction[2]

with help from attorney Stephen J. Blaser, who had filed a lien on the

Property, but later released it. Exh. 104. The Property remained in

Defendant's name while she and Debtor resided there together. Then, on

---

[2] The ownership and foreclosure history of the Property is not well established in the record. For example, on July 12, 2003, Debtor quit-claimed the Property to Donald Sorter and moved to Chubbuck, Idaho. Exh. 102. However, Debtor must have later regained ownership in the Property so as to be able to offer Defendant the opportunity to live there. Moreover, Defendant indicated that the Property was foreclosed on December 7, 2003, *Id.*, yet Debtor apparently still owned it in 2005 such that Defendant could move in. Finally, Defendant apparently was not required to vacate the Property during foreclosure, as she purchased the Property at auction while she was living there. While confusing, these facts are not material to the issues presented.

MEMORANDUM OF DECISION – 3

August 30, 2007, Defendant executed and recorded a warranty deed

conveying a one-half interest in the Property to Debtor.  Exh. 101.

Defendant insists this was done following a promise by Debtor to marry

her.  However, the marriage never took place, and eventually Debtor

moved elsewhere.  Debtor took no further responsibility for the upkeep or

the taxes on the Property,[3] and Defendant took no steps to remove

Debtor's interest from the public record.

Defendant continued to live on the Property and made some modest

improvements, including converting the attached garage into living space.

The home has three bedrooms and one bathroom; it is in "liveable"

condition.  Some of the acreage is utilized by neighbors to pasture their

animals in exchange for their helping Defendant with some of the upkeep

and maintenance on the Property.  The Property is worth approximately

$100,000.  There is a lien on the Property for $6,541.32 arising from a

judgment against Defendant, apparently for health care expenses.  Exh.

103.  As of March 2, 2016, there are real property taxes owing, dating back

---

[3] *See* Exh. 102.

MEMORANDUM OF DECISION – 4

to 2014, in the amount of $1,671.55.  Exh. 104.

Defendant suffers from macular degeneration and has been declared legally blind.  As such, she can no longer drive and relies on her children, who all live locally, to help with transportation, financial, and other needs. She testified they would house her if necessary.  She has applied for disability benefits and is awaiting a response.  She does not work and has no savings or income at present.  The Property and a 1981 Chevy truck are her only significant assets.

On October 17, 2014, Debtor filed a chapter 7 bankruptcy petition. Exh. 100.[4]  On schedule A, he listed his one-half interest in the Property, and valued that interest at $90,000.  BK Dkt. No 1.  He did not claim an exemption in the Property.  *Id*.  Because of the apparent equity in the one-half interest, through this action, Plaintiff seeks an order requiring Defendant to turn over the Property so that he may sell it free and clear of Defendant's interest, and use Debtor's share of the proceeds to pay creditors, with the other half to be remitted to Defendant.

---

[4] *In re Labbee*, Bk. Case No. 14-41181-JDP.

MEMORANDUM OF DECISION – 5

Defendant resists Plaintiff's efforts to sell the Property.  She wishes to remain on it, and believes Debtor should no longer have any rights in the Property because he moved out, deserted Defendant, and has not helped with the taxes or upkeep since 2007.

On July 7, 2015, Defendant filed a cryptic *pro se* answer to Plaintiff's complaint.  Dkt. No. 4.  On December 1, 2015, Plaintiff served interrogatories, requests for production, and requests for admission on Defendant; a response was due by January 3, 2016.  Dkt. No. 17. Defendant failed to respond to the discovery requests at all.  On March 3, 2016, Plaintiff filed a motion asking the Court to deem the requests for admission admitted.  Dkt. No. 21.  Defendant also failed to respond to this motion.

As noted above, trial was held on March 10, 2016, at which the parties offered evidence, testimony, and oral argument.  Dkt. Nos. 28, 29. The Court took the issues under advisement for decision.

### *Conclusions of Law and Disposition*

Plaintiff, as chapter 7 trustee in Debtor's bankruptcy case, seeks to

MEMORANDUM OF DECISION – 6

sell the Property free and clear of Defendant's interest pursuant to

§ 363(h), which provides in pertinent part:

> [T]he trustee may sell both the estate's interest . . . and the
> interest of any co-owner in property in which the debtor had,
> at the time of the commencement of the case, an undivided
> interest as a tenant in common, joint tenant, or tenant by the
> entirety, only if —
>
>> (1) partition in kind of such property among the estate
>> and such co-owners is impracticable;
>> (2) sale of the estate's undivided interest in such
>> property would realize significantly less for the estate
>> than sale of such property free of the interests of such
>> co-owners;
>> (3) the benefit to the estate of a sale of such property
>> free of the interests of co-owners outweighs the
>> detriment, if any, to such co-owners; and
>> (4) such property is not used in the production,
>> transmission, or distribution, for sale, of electric energy
>> or of natural or synthetic gas for heat, light, or power.

Plaintiff bears the burden of proving that all the elements of § 363(h)

have been satisfied.  *Zimmerman v. Spickelmire (In re Spickelmire)*, 433 B.R.

792, 805 (Bankr. D. Idaho 2010) (holding that trustee bears the burden of

proof on § 363(h)(3)); *In re Warkentin*, 10.3 IBCR 65, 67 (Bankr. D. Idaho

2010) ("Plaintiff bears the burden of showing that all the elements for a

MEMORANDUM OF DECISION – 7

sale under § 363(h) have been satisfied.").[5]

In this case, the evidence shows that Debtor owns an undivided one-half interest in the Property as a tenant in common with Defendant. Tenancy in common is the most common form of concurrent ownership. The Idaho courts have determined it to exist where:

> each [tenant] owning a separate fractional share in undivided property. Tenants in common may each unilaterally alienate their shares through sale or gift or place encumbrances upon these shares. They also have the power to pass these shares to

---

[5] Plaintiff, in his pretrial memorandum, Dkt. No. 26, and then again at trial, contends that while a trustee has the initial burden to show that a sale under § 363(h) will produce a benefit to the estate, the burden then shifts to the affected co-owner to demonstrate a detriment, and then the burden shifts again to the trustee to prove that the benefit to the estate outweighs the burden to the co-owner. Plaintiff cites decisions by bankruptcy courts in Ohio and Massachussetts for support. *See Rhiel v. Cent. Mortg. Co. (In re Kebe)*, 469 B.R. 778, 796 (Bankr. S.D. Ohio 2012); *Gray v. Burke (In re Coletta Bros. of North Quincy, Inc.)*, 172 B.R. 159, 165 (Bankr. D. Mass. 1994). This Court has never embraced shifting burdens of proof in actions under § 363(h), nor has any court in the Ninth Circuit, as far as this Court can determine. More to the point, adopting Plaintiff's view of the burden of proof would only be significant if the co-owner were unable to demonstrate *any* detriment as the result of a sale. Here, Defendant did offer evidence concerning her health challenges and poor financial condition, so even under a shifting theory, Plaintiff would again bear the burden to show that the balance of the detriments favors a sale. Since application of Plantiff's version of the burden of proof makes no difference to the outcome here, the Court declines to endorse it, preferring instead to rely upon its own decisions cited above allocating the burden solely to the trustee.

MEMORANDUM OF DECISION – 8

> their heirs upon death.  Tenants in common have many other
> rights in the property, including the right to use the property,
> to exclude third parties from it, and to receive a portion of any
> income produced from it.

*United States v. Craft*, 535 U.S. 274, 279-80 (2002); *see also Brewer v.*

*Washington RSA No. 8 Ltd. P'ship*, 184 P.3d 860, 862 (Idaho 2008)

(individuals holding a collective, undivided interest in the property are

tenants in common); *Werry v. Goodman*, 301 P.2d 1111, 1115 (Idaho 1956)

(property which was held by "Frank Goodman and Valeria Goodman,

husband and wife, (one-half), and Dora Werry, a widow, (one half)" is

owned as a tenancy in common).

Via the unanswered requests for admission, which are deemed

admitted,[6] Defendant has conceded that she transferred a one-half interest

in the Property to Debtor, and that he currently retains that ownership

interest.  *See* Requests for Adm. Nos. 1-3, Dkt. No. 21.  The warranty deed

---

[6] Plaintiff's Motion to Deem Requests for Admissions Admitted, Dkt. No.
21, is hereby GRANTED.  Because the properly served requests for admission
were never answered by Defendant, they are deemed admitted pursuant to Civil
Rule 36(a)(3), made applicable to adversary proceedings by Rule 7037.  Once a
matter is deemed admitted under Civil Rule 36/Rule 7036, it is "conclusively
established".

MEMORANDUM OF DECISION – 9

from Defendant to herself and Debtor further bears this out.  Exh. No. 101.

As to the four enumerated elements of § 363(h), at the conclusion of the trial, the Court ruled that Plaintiff had satisfied his burden to establish all but the third element, as to which the Court wanted to conduct more research and weigh the facts accordingly.[7]  As such, the only issue remaining for resolution by the Court involves the § 363(h)(3) balancing test which considers whether the sale of the Property free of Defendant's interest will benefit the estate to a greater extent than any detriment it will cause Defendant to lose the Property.

The benefit to the estate usually consists of the proceeds the estate will realize as a result of the sale, which may be used to pay a debtor's creditors.  In contrast, the detriment to the non-debtor co-owner includes more than simple financial prejudice.  *See Cmty. Nat'l Bank & Trust Co. v.*

---

[7]  Given the undisputed evidence that this is a single parcel of Property containing but one small home and an outbuilding, it is obvious to the Court that the Property can not be fairly partitioned, and that selling the Property as a single parcel represents the best opportunity to obtain full value for it.  There was also no evidence that the Property was or could be used for any energy or utility purposes.  The Court therefore reaffirms its conclusions as to those three elements, §§ 363(h)(1), (2), and (4).

MEMORANDUM OF DECISION – 10

*Persky*, 893 F.2d 15, 20-21 (2nd Cir. 1989) (right of first refusal under

§ 363(i) and right to her share of the proceeds does not eliminate detriment

to co-owner; other non-economic factors must be examined); *In re Hatfield*,

2009 WL 7751435, at *8 (9th Cir. BAP Mar. 17, 2009) (the balancing test in

§ 363(h)(3) includes economic and non-economic factors, including

psychological or emotional injury) (citing *Gazes v. Roswick (In re Roswick)*,

231 B.R. 843, 859-64 (S.D.N.Y. 1999) (balancing the non-consenting

co-owner's detriment, economic and non-economic, against the benefit to

the estate); and *Bakst v. Griffin (In re Griffin)*, 123 B.R. 933, 936-37 (Bankr.

S.D. Fla. 1991) (the detriment to a co-owner can be composed of

psychological or emotional injury to the person who is forced to give up

his or her interest in property)); *In re Warkentin*, 10.3 IBCR 65, 67 (Bankr. D.

Idaho 2010) (Court weighed the benefit to the estate of at least $20,000 in

equity against the fact that co-owner lived in the home with four minor

children who would be displaced if the sale went forward, and held that

the detriment did not outweigh the benefit to the estate).

In this case, sale of the Property could provide a benefit to the estate

MEMORANDUM OF DECISION – 11

exceeding $40,000.[8]  Weighed against this significant benefit is the burden

associated with Defendant's loss of her home, requiring her to obtain

alternate housing, or to move in with one of her adult children.  Given that

Defendant is sight-impaired and suffers from other health problems, the

Court considers this a significant factor.  However, Defendant testified that

she would be able to make other housing arrangements in the event the

Property is sold, which alleviates to some extent the hardship a sale would

cause her, and she would have the use of her half of the net sale proceeds

to fund her transition to different housing.  While it is perhaps a close case,

on these facts, the Court is persuaded that the benefits to the bankruptcy

estate of a sale free and clear of Defendant's interest in the Property

outweighs the potential detriment to Defendant.

Accordingly, the Court concludes that Plaintiff has met his burden

of proof to show that all the elements of § 363(h) have been satisfied.

Regarding Plaintiff's claim for turnover, because the Property is

---

[8]  It was Plaintiff's opinion that the Property was worth $100,000 -
$110,000, and that the costs of sale would be approximately ten percent of the
sales price.  The estate will be entitled to half of the proceeds.

MEMORANDUM OF DECISION – 12

"property that the trustee may . . . sell . . . under section 363 of this title",

and because it is not "of inconsequential value or benefit to the estate,"

under § 542(a), Plaintiff is entitled to take possession of the Property. *White*

*v. Brown (In re White)*, 389 B.R. 693, 699 (9th Cir. BAP 2008); *In re Ellis*, 11.1

IBCR 5, 7 (Bankr. D. Idaho 2011); *Hopkins v. Gutknecht (In re Lewis)*, 04.3

IBCR 133, 136 (Bankr. D. Idaho 2004).  However, under these facts, the

Court will not require Defendant to immediately turn over the Property to

Plaintiff pending any sale, on condition that Defendant grant Plaintiff full

access to the Property, and otherwise cooperate with him, in his efforts to

obtain a sale.  Should Defendant fail to accommodate Plaintiff's reasonable

requests, upon further motion, the Court may reconsider and order

Defendant to vacate and surrender the Property to Plaintiff.

### *Conclusion*

Because all of the elements of § 363(h) have been satisfied, Plaintiff is

entitled to sell the Property free and clear of Defendant's interest.

Plaintiff's request for turnover of the Property will not be granted at this

time, provided Defendant cooperates with Plaintiff.  Defendant also

MEMORANDUM OF DECISION – 13

retains all rights provided to her under the Code in connection with any

proposed sale of the Property by Plaintiff, including those in § 363(i) and

(j).

Plaintiff is directed to submit an appropriate form of judgment for

entry by the Court.

Dated:  May 2, 2016

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 14